UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | CR. 10-50076-JLV |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| CURTIS LEE NEW HOLY, | |
| Defendant. | |

Defendant Curtis Lee New Holy filed a second *pro se* motion requesting a transcript of his February 7, 2019, revocation proceedings. Docket 172; see also Docket 161. The court previously denied his request for a transcript. (Docket 171). Defendant now states he needs the transcript to prepare a petition for a writ of habeas corpus. (Docket 172 at p. 1). He cites both 28 U.S.C. § 2255 and § 2241 in his motion. Id. The court denies his request.

An inmate locator service established by the Bureau of Prisons states that defendant was released from prison on November 16, 2019.[1] Any challenge to his confinement defendant could have brought under § 2241 is moot. See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (en banc) (finding § 2241 petition prudentially moot when plaintiff is released from detention). But a potential § 2255 challenge may not be moot, because the court sentenced defendant to a 10-year period of supervised release. See Owen v. United States, 930 F.3d 989,

---

[1] Federal Bureau of Prisons, Find an Inmate, available at https://www.bop.gov/inmateloc/index.jsp (last visited November 14, 2019).

990 (8th Cir. 2019) (dismissing § 2255 petition as moot where plaintiff was released from prison but did not challenge term of supervised release).

However, the statute permitting indigent habeas petitioners to obtain free transcripts only permits the court to order a free transcript if it "certifies that the [habeas petition] is not frivolous and that the transcript is needed to decide the issue presented by the [petition]."[2] 28 U.S.C. § 753(f). Defendant has not filed a § 2255 petition. The court cannot determine whether a petition would be frivolous or whether a transcript would be necessary to resolve it. Defendant may move again for a transcript after he files a § 2255 petition.

No good cause appearing, it is

ORDERED that defendant's motion for a transcript (Docket 172) is denied.

Dated January 9, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[2]The statute also permits the court to order a free transcript "in criminal proceedings [for] persons proceeding under the Criminal Justice Act[.]" 28 U.S.C. § 753(f). But defendant does not seek a transcript for purposes of a criminal proceeding. He intends to use the transcript in a habeas proceeding, triggering § 753(f)'s screening requirements.